Filed April 2, 1884.

---

No. 10,395.

## STEWART *v.* McMAHAN ET AL.

MORTGAGE.—*Priority.*—*Release as to Second Purchaser Releases First.*—*Pleading.*—Certain land, encumbered by a recorded mortgage, was platted into town lots by the mortgagor, who sold one lot to M. and then one lot to P., retaining the residue. Each paid for his lot and entered into possession thereof, but P., before paying, required and obtained the release of his lot from such mortgage, his payment exceeding the amount of the mortgage. The mortgagee then transferred the mortgage to S., who had no notice of M.'s purchase, the latter's deed not being on record. S. then foreclosed the mortgage, in an action against the mortgagor and P., and against all of said lots. S. afterwards brought an action against M. and P., to compel the former to redeem and for foreclosure against him, and also to quiet title against P. To an answer by M., setting up the foregoing facts, a demurrer was filed.

*Held,* that the release of the mortgage as to P. released M. also, and, there-fore, that the answer was sufficient.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellant.

*C. L. Jewett* and *P. H. Jewett,* for appellees.

FRANKLIN, C.—The following are the substantial facts in this case:   On the 8th day of May, 1873, Samuel H. Patter-son and wife conveyed to Lawrence Schuler certain real es-tate for the consideration of $2,500.   $500 was paid at that time, and a note given for $2,000, secured by a mortgage to Patterson upon the premises, which was duly recorded.   In June, 1874, Schuler subdivided the land into town lots, num-bered from 1 to 31 inclusive, as an addition to the town of Ohio Falls, adjoining Jeffersonville, and had the plat recorded June 10th, 1874.   March 1st, 1875, Schuler sold to appellee McMahan lot No. 3, in said addition, for $250.   McMahan paid the purchase-money for the lot in March and April of that year, and contracted with Schuler for Schuler to build him a storehouse and residence on the lot for the sum of $1,400.   McMahan took possession of the lot at that time, and, under the purchase, filled up the lot, and Schuler built the storehouse and residence upon it, which McMahan has ever since had possession of.   Although the mortgage was recorded, McMahan had no actual notice or knowledge of any mortgage upon the property.   He received a deed for the lot from Schuler and wife May 31st, 1875, but did not have it recorded until in 1879.   In the summer of the year 1875 he and Schuler settled up for said building, and he gave to Schuler his note for a balance of $1,275, with six per cent. interest, payable in four years.   He afterwards made some additional payments on the note, and in 1877 settled and lifted the note by the payment of $50.   Schuler was then in-solvent, and Patterson in bankruptcy.

On May 28th, 1875, three days before the deed was made to McMahan, Schuler sold seven of said lots to appellee Per-

rin, in exchange for a farm worth $3,500. Perrin learned
of the Patterson mortgage upon the lots, and refused to de-
liver a deed for the farm, or accept a deed for the lots, until
the mortgage was removed, or the lots were released from it.
Schuler procured Patterson to release these seven lots from
the mortgage, delivered the release to Perrin, and the deeds
were fully executed.

Patterson borrowed from Mrs. Stewart, the appellant herein,
$1,800, for which he gave his note, and transferred to her by
endorsement the Schuler note for $2,000, as collateral secu-
rity for the payment of his note, but made no endorsement
upon the mortgage; of which transfer Schuler, Perrin and
McMahan knew nothing until about the time of the fore-
closure proceedings. Schuler supposed Patterson yet held
and owned the note, as he had been regularly paying the
interest thereon to him.

In March, 1876, Mrs. Stewart foreclosed the mortgage,
making Schuler and wife, and Perrin parties thereto, leaving
out McMahan, and took judgment against Schuler for the
amount of his note and interest, and a foreclosure of the
mortgage against all the defendants. The decree of fore-
closure required the twenty-four lots not sold to Perrin, to be
first sold to pay the judgment.

On the 13th of January, 1877, the sheriff, after having
offered each lot separately, sold all the thirty-one lots *in
solido*, without offering the unsold lots separately for sale.
Patterson bid the lots off in his own name, as is shown by
the return of the sheriff, for enough to pay the judgment and
costs; he paid the costs, and procured Mrs. Stewart, the judg-
ment plaintiff, to receipt the sheriff for the amount of the
judgment and interest. No deed has been executed in pur-
suance of this sale. After the sale Perrin proposed to Mrs.
Stewart to pay the debt Patterson owed her, if she would
transfer or relinquish her interest in the mortgaged property,
which she declined to do, alleging as a reason that the prop-
erty was worth more than her debt, and that she would not

do so without consulting Mr. Patterson, and in January, 1880, commenced this suit against McMahan and Perrin to compel McMahan to redeem, or pay his equitable share of redemption, or to foreclose the mortgage against him, and to quiet her title to the premises. There was a demurrer by McMahan overruled to the complaint.

Perrin answered by a denial, payment, and setting up the release; reply in denial.

McMahan answered in eight paragraphs—the first, a denial; second, payment; the others were special. A demurrer was sustained to the 3d, 4th, 5th and 6th paragraphs, and overruled to the 7th and 8th. Reply in denial of the 2d, 7th and 8th paragraphs.

There was a trial by the court and a finding for the defendants. Over a motion for a new trial, judgment was rendered for defendants for costs.

Appellant has assigned as error the overruling of the demurrers to the 7th and 8th paragraphs of McMahan's answer, and the overruling of the motion for a new trial.

Appellees each have assigned cross errors upon the overruling of the demurrer to the complaint, and that the complaint does not state sufficient facts.

The complaint sets out or avers the execution of the deed from Patterson to Schuler, and the mortgage from Schuler to Patterson, the division of the property into town lots, the sale and conveyance to Perrin of the seven lots on the 28th day of May, 1875, and alleges a sale and conveyance of lot No. 3 to McMahan, on the 31st day of May, 1875, and charges that it, with the improvements, was then worth $1,800, and that McMahan then had notice of plaintiff's mortgage on the premises; the foreclosure of the mortgage without making McMahan a party thereto, because his deed was not recorded, and plaintiff had no actual knowledge of said defendant's ownership to any part of the mortgaged premises; that when said foreclosure proceedings were had, McMahan was indebted to Schuler in the sum of $2,000, for the purchase-money of

the real estate before described—all except $50 yet remains unpaid—the sale of the lots by the sheriff to Patterson on the 13th day of January, 1877, for $2,692, the payment of the costs by Patterson, and the receipt of the plaintiff for the balance of the purchase-money; that the plaintiff received no money whatever by virtue of said sale, nor has she ever received any money whatever since thereon, and the bid made by said Patterson was made in her behalf, and the only money paid was for the costs; that ever since said 31st day of May, 1875, said McMahan has been in the possession of said premises and received the rents and profits thereof; that said mortgage never has been foreclosed to said part of said premises so held and occupied by said McMahan; that said Perrin claims some interest in the matter, and asserts some title to said premises, and he is made a party defendant to assert the same. Prayer, that McMahan may be required, within a reasonable time, to pay into the clerk's office of the court for the use of the plaintiff, the amount of plaintiff's debt, principal, interest and costs, in redemption of said mortgaged premises, and that the plaintiff, on the payment of such sum, or whatever sum said McMahan ought to be equitably required to pay, will convey to said defendant whatever interest she acquired in said part of said mortgaged premises under said sheriff's deed. And that in default of redemption, the title of the plaintiff to all of said mortgaged premises be confirmed and quieted in her, and that the said defendant be forever barred, prohibited and enjoined from setting up or claiming any title thereto, or that said defendant's interest in said mortgaged premises may be foreclosed and sold, etc.

The seventh paragraph of McMahan's answer avers that he purchased said lot 3 in March, 1875, paid the full purchase-price, took possession thereof under said purchase, and made improvements thereon of the value of $1,400, received a deed therefor from Schuler and wife May 31st, 1875; that on the 28th day of May, 1875, said Schuler sold to his co-de-

fendant Perrin seven of said lots, that were of the value of $3,000, which were included in said plaintiff's mortgage; that said Patterson was then and there the owner and holder of said note and mortgage named in the complaint, and with full notice of this defendant's rights and purchase as aforesaid, executed and delivered to said Perrin a release for value received of said seven lots from said mortgage, and thereby released this defendant's said property from any liability upon said mortgage; and that said Patterson afterwards deposited said note and mortgage with said appellant as collateral security for the payment of a loan of $1,800; that said loan is yet continued, and said Patterson has kept the interest thereon ever since paid up; and that the foreclosure and sale of the property was by said Patterson in the name of this plaintiff, and for his benefit, etc.

The eighth paragraph is similar, with some additional averments in relation to the foreclosure suit and the sale of the property under the foreclosure decree, averring that by the same said judgment was fully paid and entered satisfied.

We think these two paragraphs of McMahan's answer were good defences to plaintiff's cause of action to compel McMahan to redeem, or to foreclose the mortgage against him. Taking the allegations of the paragraphs to be true, he purchased and paid for his lot before Perrin purchased. Patterson was then the owner and holder of the mortgage, and as such, with a knowledge of McMahan's rights, released property from the mortgage that was liable to sale before McMahan's, of a value more than the whole mortgage debt, in addition to the twenty-three lots that had not been sold by Schuler, which were first liable to sale on a foreclosure of the mortgage. These facts would certainly release appellee McMahan's lot from liability under the mortgage, and if his lot was released, he could not be required to redeem, nor could the mortgage be foreclosed against him. There was no error in overruling the demurrer to the seventh and eighth paragraphs of appellee McMahan's answer.

The reasons stated for a new trial are, the finding of the court is not sustained by the evidence, and is contrary to law.

We have examined the evidence, which is too voluminous to copy in this opinion, and think there is testimony tending to support the finding of the court. In such cases this court will not reverse the judgment upon the evidence, and we do not see wherein the finding is contrary to law. There is no available error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

HOWK, C. J., took no part in the decision of this cause.
Filed March 29, 1884.